**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
JEFFREY JACKSON                   :
2800 Douglas Place, S.E.          :
Washington, DC 20003              :
                                  :
                Plaintiff,        :
                                  :
v.                                :      Case No.:_____
                                  :
DISTRICT OF COLUMBIA              :
John Wilson Building              :
1350 Pennsylvania Avenue, NW      :
Washington, DC  20004             :
                                  :
Serve:                            :
Karl A. Racine                    :
Office of Attorney General        :
441 4th Street, NW                :
Sixth Floor South                 :
Washington, DC  20001             :
                                  :
Serve:                            :
Mayor's Office                    :
1350 Pennsylvania Avenue, NW      :
Suite 409                         :
Washington, DC  20004             :
                                  :
and                               :
                                  :
OFFICER PHILLIP HENDERSON         :
Individually and                  :
in his official capacity,         :
101 M Street, S.W.                :
Washington, DC 20024              :
                                  :
and                               :
                                  :
OFFICER TAVON WATSON              :
Individually and                  :
in his official capacity,         :
101 M Street, S.W.                :
Washington, DC 20024              :
                                  :
and                               :
                                  :
```

```
OFFICER MILAN JONES               :
Individually and                  :
in his official capacity,         :
101 M Street, S.W.                :
Washington, DC 20024              :
                                  :
and                               :
                                  :
POLICE CHIEF Cathy Lanier         :
Individually and                  :
in his official capacity,         :
300 Indiana Avenue, NW, Room 5059 :
Washington, DC 20001              :
                                  :
                    Defendants.   :
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

JEFFREY JACKSON, by and through his attorney, RANDY EVAN MCDONALD, Esq. brings this action against the Defendants, OFFICERS Phillip Henderson, Tavon Watson and Milan Jones of the District of Columbia Metropolitan Police Department as well as the District of Columbia and Police Chief Cathy Lanier, alleging the following:

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983; the laws of the District of Columbia, and the common law.

2. The jurisdiction of this court is invoked under the provisions of 28 U.S.C. §1331, 1343, 2201 and the common law.

2

3. Venue is properly placed in the District of Columbia pursuant to 28 U.S.C. §1391 because all relevant events and omissions complained of occurred within the District of Columbia and all defendants either reside or maintain offices.

## II. PARTIES

4. The Plaintiff, JEFFREY JACKSON ("Plaintiff") now and at all times relevant to this claim, has been a resident at 2800 Douglas Place, S.E., Washington, DC 20003.

5. The defendant, Officer HENDERSON, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department and was acting under color of District law in his capacity as a law enforcement officer employed by the District of Columbia and/or of the Metropolitan Police Department.

6. The defendant, Officer WATSON, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department and was acting under color of District law in his capacity as a law enforcement officer employed by the District of Columbia and/or of the Metropolitan Police Department.

7. The defendant, Officer JONES, who is sued in his individual and official capacities, is now, and was at all relevant times, an officer of the District of Columbia Metropolitan Police Department and was acting under color of District law in his capacity as a law enforcement officer employed by the District of Columbia and/or of the Metropolitan Police Department.

8. At all times relevant to this action, the Defendant Police Officers were acting under color of law under their authority as a Police Officer of the District of Columbia Metropolitan Police Department, and under color of the statutes, ordinances, regulations of the District of Columbia and policies, customs and usage of the District of Columbia Metropolitan Police Department.

9. Defendant CATHY LANIER is sued in her official capacity as the Chief of the District of Columbia Metropolitan Police Department, and is employed by the Defendant District of Columbia and/or the District of Columbia Metropolitan Police Department, and was acting under color of state law.  As the Chief of the District of Columbia Metropolitan Police Department, provided deliberately indifferent training to Officers Henderson, Watson and Jones, she further provided deliberately indifferent supervision and discipline.  Chief Lanier

further was deliberately indifferent in hiring Officers Henderson, Watson and Jones, and was deliberately indifferent in failing to adopt policies necessary to prevent constitutional violations to the plaintiff. Her action or inaction was a moving force in and had a direct causal link to the injuries to plaintiff.

10. The District of Columbia is a municipal corporation in the United States and at all times relevant to this action were the employers of the defendants.

11. The District of Columbia is properly sued directly under 42 U.S.C. § 1983 for its own and its delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries to plaintiff.

12. Defendant District of Columbia and Defendant Lanier are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which

were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries.

13.     The District of Columbia is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Lanier in her official capacity as the Chief of the District of Columbia Metropolitan Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

14.     All defendants are jointly and severally liable for damages and injuries to plaintiff.

### III.   STATEMENT OF FACTS

15.     On September 25, 2014, the Plaintiff's car stopped outside the 3rd Street Tunnel in Washington, DC.

16.     Officers Henderson, Jones and Watson eventually came upon the scene.

17.     After falsely accusing Mr. Jackson of being under the influence of some drug and/or alcohol, those officers wrenched Mr. Jackson from his vehicle, slammed him to the ground and dragged him out of the roadway.

18.     This action by these officers broke Mr. Jackson's arm.

19.     As Mr. Jackson lay on the ground, and was no threat to any person or officer, one of the officers stomped on Mr. Jackson's head with such force as to cause Mr. Jackson's teeth to come out of his mouth.

20.     Mr. Jackson sat on the side of the road in agony, writhing in pain and wincing aloud for close to 30 minutes before an ambulance came to the scene.

21.     As a result of the officers's actions, the Plaintiff sustained injuries to his arm, head and hands for which he had to be treated in a hospital.

22.     Officers Henderson, Watson and Jones then shackled Mr. Jackson around the ankles and legs, thus restricting his ability to move, and further placed him in an ambulance or a police transport vehicle where he was no longer free to move.

23.     Mr. Jackson was then transported, while still shackled and under police custody, to Howard University Hospital.

24.     While at Howard University Hospital, Mr. Jackson was constantly under police custody and was not free to leave for close 8-12 hours.  The officers wore police uniforms and had guns.

25.     After spending several hours in police custody at Howard University Hospital, was transported to a

police station where he was placed in a jail cell and locked within the cell.  He remained there for two hours and was then taken to court.

26.    At District of Columbia Superior Court, both the District of Columbia Office of the Attorney General and the United States Attorneys Office for the District of Columbia evaluated the facts proffered by Officers Henderson, Jones and Watson and both prosecuting bodies declined to pursue charges against Mr. Jackson.

27.    At no time did Officers Henderson, Jones or Watson have probable cause to arrest Mr. Jackson, nor did they have reasonable, articulable suspicion to stop or detain Mr. Jackson.  Further, the officers had no other legal justification for their actions.

28.    At all relevant times, the Defendant Officers:

a. wore the apparel of the District of Columbia Metropolitan Police Department;

b. used the resources and the District of Columbia Metropolitan Police Department;

c. were on active duty as officers of the District of Columbia Metropolitan Police Department;

d. acted under their authority as officers of the District of Columbia Metropolitan Police Department; and

acted under the color of law, statute, ordinance,

regulation, custom and usage of the District of Columbia.

### IV.   CLAIMS FOR RELIEF

**First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth, Fifth and Fourteenth Amendments**
(Against Defendants Henderson, Watson and Jones)

29.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

30.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

31.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

32.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

33.     At no time relevant to this action did The Plaintiff engage in any criminal act.

34.     At no time relevant was Mr. Jackson a threat to the safety of police, himself or others.

35.     At no time did Mr. Jackson resist arrest or attempt to evade arrest by flight.

36.     At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

37.     Plaintiff also had the clearly established Constitutional right under the Fifth and Fourteenth Amendments of the U.S. Constitution to bodily integrity and to be free from excessive force by law enforcement.

38.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

39.     Defendants Henderson, Watson, and Jones's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

40.     Defendants Henderson, Watson, and Jones's actions and use of force, as described herein, were also

malicious and/or involved reckless, callous, and deliberate indifference to Mr. Jackson's federally protected rights. The force used by these Defendant officers shocks the conscience and violated Mr. Jackson's rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

41.    Defendants Henderson, Watson, and Jones unlawfully seized Mr. Jackson by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Jackson of his freedom.

42.    The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

43.    None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

44.    Defendants Henderson, Jones and Watson engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless

disregard of Mr. Jackson's federally protected constitutional rights.

45.    They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

46.    The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

47.    These individual Defendants acted in concert and joint action with each other.

48.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

49.    Officers Henderson, Jones and Watson, by means the physical force and show of authority complained of herein, restrained the liberty of Mr. Jackson.

50.    Given the circumstances, no reasonable person in Mr. Jackson's position would have believed themselves free to leave.

51.    Mr. Jackson submitted to the authority of Officers Henderson, Jones and Watson.

52.    Officers Henderson, Jones and Watson as government officers intentionally applied means to terminate Mr. Jackson's freedom of movement.

53.   These individual Defendants are not entitled to qualified immunity for the complained of conduct.

54.   The Defendants to this claim at all times relevant hereto were acting pursuant to District of Columbia custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

55.   As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses.  The Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

56.   On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment

interest and costs as allowable by federal law. There may also be special damages for lien interests.

57.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

58.    The Plaintiff is further entitled to punitive damages to punish the defendant officers for their knowing and intentional misconduct in violating the Plaintiff's Constitutional rights.

**Second Claim for Relief – 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment**
(Against Defendants Henderson, Watson and Jones)

59.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

60.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action

at law, suit in equity, or other
appropriate proceeding for redress. . .

61.    Plaintiff in this action is a citizen of the
United States and all of the individual police officer
Defendants to this claim are persons for purposes of 42
U.S.C. § 1983.

62.    All individual Defendants to this claim, at
all times relevant hereto, were acting under the color of
state law in their capacity as District of Columbia
Metropolitan police officers and their acts or omissions
were conducted within the scope of their official duties or
employment.

63.    At the time of the complained of events,
Plaintiff had the clearly established constitutional right
to be free from retaliation for the exercise of protected
speech.

64.    Any reasonable police officer knew or should
have known of this right at the time of the complained of
conduct as it was clearly established at that time.

65.    Mr. Jackson exercised his constitutionally
protected right to question law enforcement and/or engaged
in protected speech related to the constitutional rights of
citizens with respect to police provided assistance and
objectionable police conduct.

66.     Retaliatory animus for Mr. Jackson's exercise of his constitutionally protected right to question District of Columbia Metropolitan Police Department Officers regarding the officer's accusatory manner was a substantially motivating factor in the excessive force used by individual Defendants.

67.     The excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.  All of these Defendant officers participated in this use of force as a means of retaliation for his protected speech and none of the Defendant officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

68.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Jackson's federally protected constitutional rights.

69.     The acts or omissions of all individual Defendants were moving forces behind and directly caused Plaintiff's injuries.

70.     These individual Defendants acted in concert and joint action with each other.

71.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

72.     Defendants are not entitled to qualified immunity for the complained of conduct.

73.     The Defendants to this claim at all times relevant hereto were acting pursuant to District of Columbia custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

74.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses.

75.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings

capacities from the not yet fully ascertained sequelae of his injuries. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

76.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### Third Claim for Relief – 42 U.S.C. § 1983 – Malicious Prosecution in violation of the Fourth, Fifth and Fourteenth Amendments
(Against Defendants Henderson, Watson and Jones)

77.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

78.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress...

79.     Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

80.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia Metropolitan Police Department officers and their acts or omissions were conducted within the scope of their official duties or employment.

81.     At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fifth and Fourteenth Amendments.

82.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

83.     Individual Defendants violated Mr. Jackson's Fourth, Fifth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

84.     Individual Defendants conspired and/or acted in concert to institute, procure and continue a criminal proceeding for possession of an open container of alcohol and assault on a police officer against Mr. Jackson without probable cause.

85.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Jackson's federally protected constitutional rights.

86.     The procurement of prosecution against Mr. Jackson for the known to be false allegations of possession of an open container of alcohol and assault on a police officer were malicious, shocking, and objectively unreasonable in the light of the circumstances.

87.     Those criminal proceedings terminated in Plaintiff's favor. The prosecutor dropped the charges without any compromise by Plaintiff, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

88.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

89.     These individual Defendants acted in concert and joint action with each other.

90.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

91.    Defendants are not entitled to qualified immunity for the complained of conduct.

92.    The Defendants to this claim at all times relevant hereto were acting pursuant to District of Columbia custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

93.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses.

94.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury. Plaintiff is further entitled to

attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

95.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**Fourth Claim for Relief – Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fifth Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
(Against District of Columbia and Defendant Lanier only)

96.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

97.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress...

98.    Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

99.    The Defendants to this claim at all times relevant hereto were acting under the color of state law.

100.    Plaintiff had the following clearly established rights at the time of the complained of conduct:

> a.   the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;
>
> b.   the right to bodily integrity and to be free from excessive force by law enforcement under the Fifth and Fourteenth Amendments;
>
> c.   the right to exercise his constitutional rights of free speech under the First Amendment without retaliation; and,
>
> d.   the right to be free from malicious prosecution under the Fourth, Fifth and Fourteenth Amendments.

101.    Defendant Lanier and Defendant District of Columbia knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

102.    The acts or omissions of Defendants Lanier and the District of Columbia, as described herein, deprived Mr. Jackson of his constitutional and statutory rights and caused him other damages.

103.    The acts or omissions of Defendants Lanier and the District of Columbia as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

104.    Defendants are not entitled to qualified immunity for the complained of conduct.

105.    Defendant Lanier and Defendant District of Columbia were, at all times relevant, policymakers for the District of Columbia, and in that capacity established policies, procedures, customs, and/or practices for the District of Columbia.

106.    Defendants Lanier and the District of Columbia developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Jackson's constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

107.    Defendant Lanier and the Defendant District of Columbia have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

108.    In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

109.    The deliberately indifferent training and supervision provided by Defendant District of Columbia and Defendant Lanier resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant District of Columbia and Defendant Lanier and were moving forces in, directly

caused, the constitutional and federal violation injuries complained of by Plaintiff.

110.    As a direct result of Defendant Lanier and Defendant District of Columbia's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of these Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and may continue to incur further medical expenses or other special damages related expenses.

111.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

**Fifth Claim for Relief – Assault and Battery**
(Against Defendants Henderson, Watson and Jones)

112.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

113.    These individual Defendants acted in concert and joint action with each other.

114.    Officers Henderson, Jones and Watson engaged in harmful and offensive contact of the Plaintiff when they slammed Mr. Jackson to the ground, dragged him across the roadway, stomped on his head and made other harmful contact with him.

115.    Officers Henderson, Jones and Watson intended to cause and did cause plaintiff to suffer apprehension of an immediate harmful contact.

116.    The actions of Officers Henderson, Jones and Watson caused the Plaintiff serious physical and emotional injuries.

117.    The intentional and malicious actions of Officers Henderson, Jones and Watson are the direct and proximate cause for the injuries described above.  The Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

### Sixth Claim for Relief –
### False Imprisonment and False Arrest
(Against Defendants Henderson, Watson and Jones)

118.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

119.    Officers Henderson, Jones and Watson did intentionally obstruct and detain the Plaintiff.

120.    At no time relevant did Officers Henderson, Jones or Watson have probable cause to arrest Mr. Jackson nor did either officer have reasonable, articulable suspicion to stop or detain Mr. Jackson.

121.    Plaintiff reasonably believed that it would be dangerous for him to attempt to flee while this detention was taking place as Officers Henderson, Jones and Watson shackled his legs and ankles, transported him in a secure vehicle to the hospital, then to the police station and finally to D.C. Superior Court.

122.    Officer Henderson, Jones and Watson physically deprived the Plaintiff of his liberty by shackling his legs and ankles, transporting him to the hospital and the police station and placing Mr. Jackson in a cell.

123.    Mr. Jackson was detained against his will.

124.    Mr. Jackson was injured as a result of his unlawful detention against his will.

125.    These individual Defendants acted in concert and joint action with each other.

126.    Officers Henderson, Jones and Watson should, therefore, be held liable for the false imprisonment of Plaintiff and pay appropriate damages for the violation of his Constitutional and common law rights.

**Seventh Claim for Relief – Respondeat Superior**
(Against District of Columbia and Defendant Lanier only)

127.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

128.    At all times relevant to this action, Defendant Officers Henderson, Jones and Watson were employed by, and were agents, servants or employees the District of Columbia Metropolitan Police Department.

129.    The acts of assault, battery, false arrest and false imprisonment were committed by Officers Henderson, Jones and Watson within their scope of employment with the District of Columbia Metropolitan Police Department in that their acts were committed while the officers were on duty and in furtherance of the District of Columbia Metropolitan Police Department's interest.

130.    As Officers Henderson, Jones and Watson's employer, the District of Columbia is responsible for the acts of assault, battery and false imprisonment, which were committed by the officers within the scope of their employment.

**Eighth Claim for Relief – Negligent Hiring,
Training and Supervision**
(Against District of Columbia and Defendant Lanier only)

131.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

132.    As employers of the officers, Defendants Lanier and the District of Columbia negligently trained, hired, retained and supervised Defendants Henderson, Watson and Jones.

133.    The acts of Officers Henderson, Watson and Jones were direct and proximate causes of Mr. Jackson's injuries.

134.    Defendants Lanier and the District of Columbia knew or should have known that Officers Henderson, Watson and Jones behaved, and performed as officers, in a dangerous and/or incompetent manner.

135.    Although Defendants Lanier and the District of Columbia knew that these officers behaved and performed as officers in a dangerous or incompetent manner, they failed to adequately supervise them.

### V.   RELIEF REQUESTED

Wherefore, hereby sues Defendants, jointly and severally, for claims in the sum of:

1) pecuniary damages to fully compensate Plaintiff for medical treatment necessitated by Defendants' acts;

2) compensatory damages in the amount of

$10,000,000.00;

3) punitive damages in the amount of

$20,000,000.00 for each defendant;

4) attorney's fees per 42 U.S.C. § 1983; and

5) any other relief which this Court decides is

necessary in the interest of justice.

## VI.   JURY DEMAND

Plaintiff respectfully demands a jury trial in this matter.


Respectfully submitted,


_____

RANDY EVAN MCDONALD, Esq.
D.C. Bar #: 985693
The Law Office of
Randy Evan McDonald, LLC
5576 Norbeck Road
Suite A #168
Rockville, MD 20853
randyemcdonald@gmail.com
Telephone:  (240)491-7609
Counsel for the Plaintiff