# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JEFFREY JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 15-cv-145 (TSC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

In this civil rights action brought under 42 U.S.C. § 1983, Plaintiff Jeffrey Jackson brings the following claims against Metropolitan Police Department ("MPD") officers Phillip Henderson, Tavon Watson and Milan Jones (the "MPD Officer Defendants"):

- Excessive force in violation of the Fourth, Fifth and Fourteenth Amendments (Count I);

- Retaliation in violation of the First Amendment (Count II);

- Malicious prosecution in violation of the Fourth, Fifth and Fourteenth Amendments (Count III);

- Assault and battery (Count V); and

- False imprisonment/false arrest (Count VI).

Plaintiff also brings a *Monell* claim (Count IV) and common law claims for *respondeat superior* (Count VII), and negligent hiring, training and supervision (Count VIII) against the District of Columbia and MPD Chief of Police Cathy Lanier.

Defendants move to partially dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Upon consideration of Defendants' motion, Plaintiff's opposition thereto and Defendants' reply in support thereof, and for the reasons set forth below, the motion is hereby **GRANTED IN PART and DENIED IN PART.**

## I.     FACTUAL BACKGROUND

Plaintiff alleges that he was arrested by the MPD Officer Defendants on September 25, 2014, while his car was stopped outside the 3rd Street Tunnel in Washington, D.C.  (Compl. ¶¶ 15-22).  It appears that Plaintiff stopped his car himself and was subsequently approached by the MPD Officer Defendants.  (*Id.* ¶¶ 15-16).

Plaintiff claims that the MPD Officer Defendants accused him of being under the influence of drugs and/or alcohol, which he denies.  (*Id.* ¶ 17).  Plaintiff further alleges that the MPD Officer Defendants "wrenched [him] from his vehicle, slammed him to the ground and dragged him out of the roadway," breaking his arm.  (*Id.* ¶¶ 17-18).  Then, while he was lying on the ground, one of the MPD Officer Defendants "stomped on [his] head with such force as to cause [his] teeth to come out of his mouth."  (*Id.* ¶ 19).  Plaintiff claims that the MPD Officer Defendants left him sitting "in agony" on the side of the road, "writhing in pain and wincing aloud" for close to thirty minutes before an ambulance arrived on the scene.  (*Id.* ¶ 20).

The ambulance took Plaintiff, whose legs and ankles had been shackled by the MPD Officer Defendants, to Howard University Hospital, where he was treated for injuries to his arm, head and hands.  (*Id.* ¶¶ 21-24).  Plaintiff alleges that he remained in the custody of uniformed,

---

[1] Defendants do not move to dismiss Plaintiff's (i) Fourth Amendment claim against the MPD Officer Defendants for excessive force (Count I); (ii) assault and battery claim against the MPD Officer Defendants (Count V); and (iii) *respondeat superior* claim against the District (Count VII).

armed MPD officers at the hospital for approximately eight to twelve hours. (*Id.* ¶ 24). Plaintiff further alleges that he was subsequently transported to a police station, where he was locked in a cell for two hours before being taken to D.C. Superior Court, where lawyers from the United States Attorney's Office for the District of Columbia and the D.C. Attorney General's Office declined to pursue charges against him. (*See id.* ¶¶ 25-26).[2]

## II.   LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a complaint." *Browning*, 292 F.3d at 242. In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiffs, *see id.*, and "must assume the truth of all well-pleaded allegations." *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Although a plaintiff may survive a Rule 12(b)(6) motion even where "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citation omitted). Moreover, a pleading must offer more than "labels and conclusions" or a "formulaic

---

[2] Plaintiff also alleges that the MPD Officer Defendants did not have any legal justification for their actions – specifically, that they did not have probable cause to arrest him nor reasonable suspicion to detain him. (Compl. ¶ 27). These allegations are legal conclusions, which the court does not accept as true in its Rule 12(b)(6) analysis. *See*, *e.g.*, *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (noting that, while a court must accept a plaintiff's factual allegations as true under Rule 12(b)(6), it need not accept "legal conclusions cast in the form of factual allegations") (quotation and citation omitted).

recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### III.   ANALYSIS

Defendants move to partially dismiss the Complaint on several different grounds, and Plaintiff variously concedes and opposes the arguments in Defendants' motion. The court will address in turn each of the parties' arguments as to each relevant count.

  a. <u>Excessive Force In Violation Of The Fifth and Fourteenth Amendments (Count I)</u>

Plaintiff brings claims for excessive force in violation of the Fourth, Fifth and Fourteenth Amendments. Defendants move to dismiss only the Fifth and Fourteenth Amendment claims. Plaintiff concedes that the Fourteenth Amendment does not apply to his excessive force claim under the facts alleged here. (*See* Opp'n at 7). The court therefore **GRANTS** Defendants' motion as to Fourteenth Amendment claim in Count I.

Plaintiff contends that his Fifth Amendment claim is valid because the excessive force count also alleges "the deprivation of his liberty and his right to bodily integrity" without due process of law. (*Id.* at 7) (citing Compl. ¶¶ 37, 49-52). But it is well-settled that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a party's] claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Indeed, the Supreme Court explicitly held in *Graham* that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham*, 490 U.S. at 395 (emphasis in original). Accordingly, the court finds that Plaintiff's excessive

force claim is governed exclusively by the Fourth Amendment, and therefore **GRANTS** Defendants' motion as to the Fifth Amendment claim in Count I.

      b.   Retaliation In Violation Of The First Amendment (Count II)

Defendants argue that Plaintiff's First Amendment claim should be dismissed because he fails to sufficiently allege that he engaged in protected speech. (*See* Reply at 7-8). Plaintiff claims to have alleged that he questioned the MPD Officer Defendants' "refusal to help him," and that the MPD Officer Defendants retaliated against him by arresting him. (Opp'n at 9) (citing Compl. ¶¶ 65-67). Thus, according to Plaintiff, he alleges that he "exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to police provided assistance and objectionable police conduct." (Compl. ¶ 65). Defendants counter by arguing that Plaintiff does not point to any *factual* allegations showing that he "questioned law enforcement" or commented on "objectionable police conduct," and that the paragraphs of the Complaint cited by Plaintiff contain only conclusory allegations. (Reply at 7).

The court agrees with Defendants. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action. *Iqbal*, 556 U.S. at 678. Count II of Plaintiff's Complaint contains precisely such threadbare, conclusory recitals of the elements of a First Amendment claim. The Complaint simply does not contain any *factual* allegations that Plaintiff actually said anything to the MPD Officer Defendants before they pulled him from his vehicle, slammed him to the ground and stomped on his head. (*See* Compl. ¶¶ 17-19). For example, while the Complaint alleges that the MPD Officer Defendants falsely accused Plaintiff of being under the influence of drugs and/or alcohol, it does not allege that Plaintiff said anything to the MPD Officer Defendants to prompt this

5

accusation or in response to this accusation. (*See id.*). Accordingly, the court **GRANTS** Defendants' motion as to Count II.

    c.  Malicious Prosecution In Violation Of The Fourth,
        Fifth and Fourteenth Amendments (Count III)

Defendants argue that the court should dismiss Plaintiff's malicious prosecution claim because he was not actually prosecuted, given his admission that the United States Attorney's Office for the District of Columbia and D.C. Attorney General's Office declined to pursue charges against him. (*See* Mot. at 8-10). Plaintiff concedes this point in his opposition brief. (*See* Opp'n at 6). The court therefore **GRANTS** Defendants' motion as to Count III.

    d.  *Monell* Liability (Count IV)

Defendants argue that the court should dismiss Plaintiff's *Monell* claim as to both the District and Chief Lanier. Plaintiff concedes that he has failed to state a *Monell* claim against Chief Lanier. (*See* Opp'n at 8). The court therefore **GRANTS** Defendants' motion as to the *Monell* claim against Chief Lanier in Count IV.

To state a claim for relief against a municipality under section 1983, a plaintiff must sufficiently plead both the existence of "a predicate constitutional violation," and that "a custom or policy of the municipality caused the violation." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). Plaintiff's remaining *Monell* claim against the District of Columbia is based on predicate violations of the First, Fourth, Fifth and Fourteenth Amendments. (*See* Compl. at 22) ("Fourth Claim for Relief – Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fifth[,] Fourteenth, and First Amendments"). For the reasons stated above, the court has dismissed Plaintiff's (i) retaliation claim under the First Amendment; (ii) malicious prosecution claim under the Fourth, Fifth and Fourteenth Amendments; and (iii) excessive force

claim under the Fifth and Fourteenth Amendments. Accordingly, the court **GRANTS** Defendants' motion as to Plaintiff's *Monell* claim insofar as that claim is based on any of these dismissed predicate claims.

The court now turns to whether Plaintiff has stated a *Monell* claim based on his predicate Fourth Amendment excessive force claim, which Defendants have not moved to dismiss. Defendants argue that Plaintiff "fails to allege sufficient *facts* showing that [the MPD Officer Defendants'] alleged violation of his constitutional rights was *caused* by an unconstitutional policy or custom of the District." (Mot. at 4) (emphasis in original). Defendants maintain that Plaintiff "only alleges facts to prove a single incident of unconstitutional activity," and that his allegations relating to the District's policies and training programs are conclusory. (*Id.* at 4-5).

In response, Plaintiff points to the following two allegations as sufficiently alleging the existence of the requisite custom or policy (*see* Opp'n at 4-5):

> [T]he District of Columbia developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Jackson's constitutional and federal rights . . . and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

> [The] District of Columbia . . . created and tolerated an atmosphere of lawlessness, and . . . developed and maintained longstanding, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

(Compl. ¶¶ 106-07).

On reply, Defendants reiterate their contention that Plaintiff has not alleged any "facts showing that the District had an unconstitutional policy" or that the events at issue here were "anything other than an isolated incident." (Reply at 2). Defendants also argue that paragraphs 106 and 107 of the Complaint do not contain "any *facts* suggesting that there was an

7

unconstitutional municipal policy that [led] to [P]laintiff's injury," but instead "merely repeat, in conclusory terms, the elements of a *Monell* claim." (*Id.*) (emphasis in original).

The court agrees with Defendants, and concludes that Plaintiff's allegations of municipal liability cannot survive the motion to dismiss because "[t]hey do nothing more than recite the requisite causal elements of custom or policy liability based on deliberate indifference." *Smith v. District of Columbia*, 674 F. Supp. 2d 209, 212 (D.D.C. 2009). Put differently, Plaintiff's "assertions of 'indifference' and 'failure to train,' are conclusory; they are not based on allegations of fact." *Bradley v. D.C. Pub. Sch.*, 87 F. Supp. 3d 156, 161 (D.D.C. 2015) (citation omitted).

For example, Plaintiff does not identify, describe or otherwise provide any factual basis for the offending policies, procedures, customs and/or practices that purportedly caused the Fourth Amendment violation he alleges. *See, e.g.*, *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996) ("[A] section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom."); *Sheikh v. District of Columbia*, 77 F. Supp. 3d 73, 85 (D.D.C. 2015) ("Plaintiff has alleged no facts reflecting such a policy. . . . [His] reference to a 'custom, policy or practice of condoning' the violation of constitutional rights is no more than a conclusory recital of the elements of a claim pursuant to *Monell*, together with the alleged predicate constitutional violations."); *Philogene v. District of Columbia*, 864 F. Supp. 2d 127, 131 (D.D.C. 2012) ("The plaintiff's second amended complaint does not articulate any specific allegations describing a government policy or custom behind Sergeant Mack's actions. Instead, the plaintiff summarily reiterates the elements of a claim for municipal liability under *Monell*. These formulaic and threadbare recitals of a cause of action are legally insufficient to shield the plaintiff's claim from a motion to dismiss.") (citations

omitted); *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 59 (D.D.C. 2011) (finding that, where a plaintiff "does not name or identify the policies, practices, or customs" or "cite any incident other than the events alleged in her complaint," she is "merely speculating that an unidentified policy and uncorroborated practice or custom exists without providing any factual heft to support the allegation," which "is insufficient to state a claim under § 1983"); *Paul v. District of Columbia*, 815 F. Supp. 2d 193, 197-98 (D.D.C. 2011) ("Mr. Paul does not offer anything more than conclusory statements that the alleged discrimination he suffered was caused by a policy, practice, or custom of the District. . . . Merely stating that certain actions constitute a municipality's 'official policy,' without more, is not enough to survive a motion to dismiss."); *Harris v. District of Columbia*, 696 F. Supp. 2d 123, 129 (D.D.C. 2010) ("Plaintiff has failed to include any allegations whatsoever demonstrating *how* the individual actions cited in his Complaint constitute 'the official policy' of the District of Columbia.") (emphasis added).

Additionally, to the extent that Plaintiff relies on a "failure to train" or "failure to supervise" theory (*see*, *e.g.*, Compl. ¶ 107), he "has not identified any 'particular omission' in the District's training programs that led to a violation of [his] rights." *Bradley*, 87 F. Supp. 3d at 161 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62; *see also Runnymede-Piper v. District of Columbia*, 952 F. Supp. 2d 52, 58 (D.D.C. 2013) (granting motion to dismiss where plaintiff proffered "nothing more than conclusory allegations of negligent training and supervision, while including no facts – none – suggesting that the District Defendants knew or should have known of any deficiencies in the training or supervision of its agents and employees"); *Matthews v. District of Columbia*, 924 F.

Supp. 2d 115, 121-22 (D.D.C. 2013) (granting summary judgment in the District's favor where "plaintiffs provide[d] no information about the training the District offered"); *Costello v. District of Columbia*, 826 F. Supp. 2d 221, 225-26 (D.D.C. 2011) (dismissing *Monell* claim where plaintiffs "alleged in conclusory terms that the District failed to train its officers" but "pleaded no *facts* indicating that the District's decisionmakers knew or should have known of any deficiencies in the training of its police officers") (emphasis in original).

In sum, Plaintiff's conclusory allegations regarding the District's purported policies, procedures, customs and/or practices – all of which are unsupported by additional factual allegations – are simply insufficient to state a *Monell* claim, as are Plaintiff's similarly conclusory allegations regarding the District's failure to train and/or supervise its officers. As Plaintiff has not alleged facts sufficient to yield a reasonable inference that the MPD Officer Defendants' alleged actions were taken pursuant to any District policy, procedure, custom or practice, or as a result of the District's failure to properly train or supervise them, the court **GRANTS** the Defendants' motion as to the remainder of Plaintiff's *Monell* claim.[3]

---

[3] Defendants also argue in their motion that Plaintiff may not seek punitive damages from the District. (*See* Mot. at 6). Plaintiff responds by pointing to a single allegation as supporting his claim for punitive damages:

> The District of Columbia is properly sued directly under 42 U.S.C. § 1983 for its own and its delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries to plaintiff.

(Opp'n at 5) (quoting Compl. ¶ 12). Given that the court has dismissed Plaintiff's *Monell* claim, however, it finds Plaintiff's argument unavailing, and concludes the he is not entitled to punitive damages from the District.

    e. <u>False Imprisonment/False Arrest (Count VI)</u>[4]

Defendants argue that Plaintiff's false imprisonment/false arrest claim is barred by D.C. Code § 12-309, which "makes written notification to the Mayor a condition precedent to any action for damages *against the District*." (Mot. at 15-16) (emphasis added). But Plaintiff's false imprisonment/false arrest claim is brought against the MPD Officer Defendants in their individual capacities, not against the District. (*See* Compl. at 27) ("Sixth Claim for Relief – False Imprisonment and False Arrest (Against Defendants Henderson, Watson and Jones)"). As Defendants do not argue for dismissal of Plaintiff's false imprisonment/false arrest claim as to the MPD Officer Defendants against whom the claim is actually brought, the court **DENIES** the motion as to Count VI. *See*, *e.g.*, *Sheikh v. District of Columbia*, 77 F. Supp. 3d 73, 86-87 (D.D.C. 2015) (quotation and citations omitted) ("The Court also concludes that the statutory notice requirement of section 12-309 applies only to the District of Columbia and not to the individual police officers. . . . [B]ecause § 12-309 only applies to an 'action . . . against the District of Columbia,' . . . [it] does not bar claims asserted against District officials in their individual capacities.").

    f. *Respondeat Superior* (Count VII)

Defendants move to dismiss Plaintiff's *respondeat superior* claim only as to Chief Lanier, and not as to the District itself. (*See* Mot. at 7-8). Plaintiff concedes that he has not stated a claim against Chief Lanier for *respondeat superior*. (*See* Opp'n at 6). The court

---

[4] Defendants argue that Plaintiff's false imprisonment and false arrest claims in Count VI are duplicative of one another, and that Plaintiff should therefore be able to pursue only one of the two claims. (*See* Mot. at 17). Plaintiff states in his opposition brief, however, that Count VI only states one common law claim for wrongful detention. (*See* Opp'n at 9). Accordingly, the court will treat Count VI as asserting a single claim. *See Enders v. District of Columbia*, 4 A.3d 457, 461 (D.C. 2010) ("'False arrest' is indistinguishable as a practical matter from the common law tort of 'false imprisonment.' . . . The gravamen of a complaint for false arrest or false imprisonment is an unlawful detention.") (citations omitted).

therefore **GRANTS** Defendants' motion as to the *respondeat superior* claim against Chief Lanier in Count VII.

      g.  <u>Negligent Hiring, Training And Supervision (Count VIII)</u>

Plaintiff also brings a claim for negligent hiring, training and supervision. The parties' arguments on this claim are the functional common law equivalent of the failure to train and failure to supervise allegations embedded in Plaintiff's *Monell* claim, which the court has already addressed. For the same reason that Plaintiff's constitutional claim was dismissed – *i.e.*, that he proffers only conclusory allegations devoid of any factual basis – the court **GRANTS** Defendants' motion as to Count VIII.

### IV.   CONCLUSION

For the reasons set forth above, Defendants' motion to partially dismiss the Complaint is hereby **GRANTED IN PART and DENIED IN PART.**

The court hereby **GRANTS** the motion as to (i) the Fifth and Fourteenth Amendment claims in Count I; (ii) the *respondeat superior* claim against Chief Lanier in Count VII; and (iii) Counts II, III, IV and VIII in their entirety.

The court hereby **DENIES** the motion as to Count VI.[5]

An appropriate Order accompanies this Memorandum Opinion.

Date:  March 29, 2016

                                      *Tanya S. Chutkan*
                                    TANYA S. CHUTKAN
                                    United States District Judge

---

[5] As noted above, Defendants do not move to dismiss Plaintiff's (i) Fourth Amendment claim against the MPD Officer Defendants for excessive force (Count I); (ii) assault and battery claim against the MPD Officer Defendants (Count V); and (iii) *respondeat superior* claim against the District (Count VII). Accordingly, these claims survive Defendants' motion, as well.